The Workmen's Compensation Bureau entered judgment for plaintiff for permanent disability of 10% of the left foot; on appeal to the Essex County Court, the award was increased to 40% permanent disability of the left foot and additional fees were allowed. Appellant argues that the judgment for increased disability is without support and should be reversed.
At the hearing before the Deputy Commissioner, it was stipulated that plaintiff's employment, occurrence of an accident and injury arising out of and in the course of his employment, of which defendant had due and timely knowledge, were not disputed.
It appears that plaintiff was employed by defendant for a period of twenty years; that, on February 1, 1947, while loading some scrap iron a "casting weighing 200 pounds or more" rolled over his instep and injured his left foot. Prior to that time, it is undisputed that plaintiff showed no signs of disability. Due to the injury received as stated, he was obliged to remain at home for eight or ten weeks, under treatment by the employer's doctors. He returned to work, but was unable to do the work theretofore performed by him, being on a crutch, and later a cane, and was given lighter work. He was continued at the same rate of pay. Later he resumed his usual employment. During all of this time, he was under medical care of the defendant's doctors, none of whom was *Page 378 
called to testify. On May 29, 1948, he suffered a relapse of the left foot and has been unable to work since that time.
Plaintiff testified that he never had any difficulty with his left foot, although it is undisputed that he has "a congenital extra sixth toe composed mostly of tissue flap attached laterally to the small toe." One doctor testified for plaintiff that, in his opinion, the extra toe was "insignificant and has no relation to the accident of February 1, 1947, nor to the pathology existent." He estimated permanent total disability of 40 per cent. of the foot, due entirely to the injury received.
One doctor was called by defendant, who estimated a disability to the left foot of 40 per cent., but estimated that the flap on plaintiff's toe was responsible for much of his condition, and estimated a disability of 10 per cent. due to the accident, and 30 per cent. due to the congenital condition.
The medical testimony was in conflict, but, in light of the undisputed fact that plaintiff never had any difficulty with his foot until after the accident in question, and that, thereafter, he was unable to walk without the aid of crutches or canes, it seems reasonable to conclude that there was direct causal relation between the injury received in his employment and his present disability. Without the injury, it seems probable that the present condition would not exist. Plaintiff's medical witness first estimated his permanent disability at 40 per cent., and later estimated it at 45 per cent. total, all due to the accident. Respondent's medical witness first estimated plaintiff's permanent disability at 40 per cent., 10 per cent. due to the accident and 30 per cent. due to the previous congenital condition. At the hearing, after another examination of plaintiff, he testified: "I felt at this time his overall disability was 25 to 33 1/2 per cent. of the foot, and I felt that he had a disability at this time of 7 1/2 per cent. of the foot due to the injury."
We conclude that without the injury the present condition would not exist, and that such injury is responsible for plaintiff's total disability to the extent of 40 per cent. of his left foot.
The judgment of the Essex County Court is affirmed. *Page 379